GEORGE RICE

*v.*

DAVID BROWN.

1. FORCIBLE DETAINER—*in case of sale under trust deed.* An action of forcible detainer lies against a party in possession of land under the grantor in a deed of trust, by the purchaser at the trustee's sale, and a demand of possession upon such occupant will be sufficient.

2. TRUST DEED—*whether sale is to be regarded as made under, or under decree of court.* In a proceeding in equity to appoint a trustee to execute

the power of sale in a trust deed, where the decree finds the amount due and appoints a trustee to sell, the sale will not be regarded as made under a decree of foreclosure, but under the trust deed.

3. SAME—*validity of decree appointing new trustee, in a collateral proceeding.* Any defect of parties in a bill in equity for the appointment of a new trustee in the place of one deceased, to execute a power of sale in a trust deed, amounts only to error, and can not be taken advantage of in a collateral proceeding.

4. SAME—*as to the place of sale.* If one deed of trust requires the property to be sold at A, and subsequent trust deeds, upon the same property, requires the sale to be at B, a sale by a trustee appointed by the court to execute the trusts, made at B, when the proceeds of the sale do not amount to more than the debt secured by the subsequent ones, will be good and valid.

5. TRUSTEE—*right to sue in his name for possession of property.* Where land sold under deeds of trust is conveyed to an administrator in trust for the heirs of his intestate, the debts secured belonging to the estate, the administrator may maintain forcible detainer, in his name, against one withholding the possession. The defendant in such suit can not be heard to insist that the suit should be in the names of the heirs.

6. FORCIBLE DETAINER—*variance as to defendant's possession.* The defendant in an action of forcible detainer for a tract of land can not defeat the same by proof that he was in possession of only the house and garden situated on the tract.

7. DEED OF TRUST—*as to notice of sale.* Where a deed of trust required notice of any sale thereunder to be posted in four of the most public places in the county, and two of the notices were posted at different places in the same town, which it was insisted vitiated the sale: *Held*, that, even if the objection was well taken, it could only be availed of in equity to set aside the sale, and could not be availed of in an action at law.

8. INSTRUCTIONS—*errors in, that work no harm.* Even if an instruction is technically defective, yet, where it can be seen that it worked no harm, it will afford no ground of reversal.

APPEAL from the Circuit Court of Marion county; the Hon. AMOS WATTS, Judge, presiding.

Mr. HENRY C. GOODNOW, for the appellant.

Messrs. BRYAN & KAGY, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of forcible entry and detainer, brought by appellee against the appellant, before a justice of the peace,

and taken by appeal to the circuit court, where the defendant was found guilty, and, from the judgment rendered, he brings this appeal.

The action was brought under the sixth clause of the second section of the Forcible Entry and Detainer Act, Rev. Stat. 1874, p. 535, giving such action where land has been sold under the judgment or decree of any court in this State, or by virtue of any sale made under any power of sale in any mortgage or deed of trust contained, and the party to the judgment or decree, or to the mortgage or deed of trust, after the expiration of the time of redemption, when redemption is allowed by law, refuses or neglects to surrender possession thereof after demand in writing by the person entitled thereto.

The principal facts are: Urial Mills, being indebted to one Brewster upon a promissory note, executed, together with his wife, Adaline Mills, a trust deed of the premises in controversy to one James H. Comfort, as trustee, to secure the payment of the note, with power, in case of default of payment, to sell the premises, after certain notice, at the door of the court house in the city of St. Louis, Missouri. Samuel W. Brown became the owner of this note and trust deed by assignment thereof to him.

Urial Mills, being indebted to said Brown by three other promissory notes, subsequently, together with his wife, Adaline Mills, executed to Brown three other trust deeds of the same premises, to secure the payment of the last named notes, with power to Brown, in case of default of payment, to sell the lands for their payment, at the south door of the court house, in Salem, in Marion county, this State. The lands were situate in that county. Samuel W. Brown having departed this life, and all the indebtedness having become due, David Brown, the administrator of the estate of Samuel W. Brown, filed a bill in chancery in the Marion circuit court, to have another trustee substituted to execute the trusts of the several trust deeds; and, at the February term, 1874, of said court, a decree was made finding the amount of the

indebtedness then due to be $5,396, and appointing John B. Kagy a trustee to execute said trusts. In accordance with which appointment, said Kagy, as trustee, sold the premises at public sale, on the 13th day of April, 1874, to David W. Brown, in trust for the heirs of Samuel W. Brown, deceased, for the sum of $2110, and a deed was made accordingly.

The first objection taken is, that the suit does not lie against Rice; that, under the statute, the suit lies only against the parties to the decree or trust deed, and that Rice is not such party. This point, as regards a decree, was decided in *Jackson* v. *Warren,* 32 Ill. 331, where the statute underwent a construction in this respect, and it was held, that all persons bound by the decree might, to that extent, be said to be parties to the decree, within the meaning of this statute, although not named in the decree. Rice was in possession under Urial Mills, the maker of the deeds of trust, and so bound thereby, and therefore may be considered as a party to the trust deeds, within the meaning of the act, under the principle of the above named decision.

The same answer applies to the second objection, that the demand for possession was not made on the parties to the trust deed, as required by the statute, it having been made upon Rice.

Appellant, admitting that it is difficult to tell whether the sale was made by virtue of the decree of court, or power of sale contained in the trust deeds, assumes that it was by virtue of the decree of court, and, if so, there would be a right of redemption which would not have expired at the time the suit was commenced, and it would have been brought prematurely. The decree is somewhat obscure in the respect named, as it does adjudge that the complainant have of and from the defendants the sum of $5396, and costs of suit; but yet, we think, according to a fair construction of the decree, this was no more than fixing the amount due under the trust deeds. The whole scope of the proceeding was for the appointment of a trustee to execute the trusts of the trust deeds, and not

to .foreclose them by decree of court. By the terms of the decree, John B. Kagy was "appointed a trustee to execute the trust reposed in the several deeds of trust referred to and described in the bill of complaint," etc., and "that said John B. Kagy, appointed trustee herein, shall proceed to advertise and sell the said lands described in the said deeds of trust, and execute deeds according to the terms of said contract, with the exception as to the time of advertising in one of said deeds of trust"—making the time thirty, instead of twenty, days. The sale was professedly made by the trustee under and by virtue of the trust deeds, and we are of opinion that it is to be regarded as having been so made, and not "by virtue of a decree of foreclosure of mortgage, or enforcement of mechanic's lien, or vendor's lien, or for the payment of money," in which case the statute gives a right of redemption.

If the sale was by virtue of the power of sale in the trust deeds, it is contended, then, that the whole proceeding in court for the appointment of Kagy as trustee, and his appointment as such, were void. They are supposed by appellant to be so, because the heirs of Samuel W. Brown were not made parties to the proceeding, or Kagy, either. Whatever defect of parties there might be in this respect, if any, it would be no more than error, which could not be availed of in this collateral proceeding.

Urial Mills and Adaline, his wife, were before the court as parties, and neither they nor one claiming under them can object, in a collateral proceeding, that the decree was void because other persons were not properly made parties.

One of the trust deeds executed by Mills and wife required the property to be sold at the east front door of the court house in St. Louis; the others required it to be sold at the south door of the court house in Salem, in Marion county, in this State; and the trustee advertised to sell, under both trust deeds, at the south door of the court house in Salem, and so sold. It is insisted there was an irregularity in this respect, in not strictly pursuing the power given in the trust deeds.

Both trust deeds embraced the same lands. There was power, then, to sell the whole at the court house door in Salem, at least so far as was required to pay the indebtedness secured by the trust deeds made to Samuel W. Brown, as they authorized the sale to be made there, and it does not appear that the amount of the sale was more than sufficient to satisfy that indebtedness.

It is said. further, that the conveyance made by the trustee was to David Brown, in trust for the heirs of Samuel W. Brown, and that David Brown was not the proper party to bring suit to recover possession of the land, but the heirs of Samuel W. Brown were the proper parties; that when lands are conveyed to one in trust for another, and there is nothing for the trustee to do, the legal, as well as the equitable, title passes to the *cestui que trust.* However that might be, in entitling the heirs to maintain a suit in their own name, in case they had brought one, we are of opinion that it should not operate here in favor of this defendant to defeat the present action in the name of the trustee.

Appellee is the administrator of the estate of Samuel W. Brown, and, in the performance of his duty of collecting the personal assets of the estate, he has proceeded in the enforcement of the collection of these notes belonging to the estate, by foreclosing these trust deeds to secure their payment, and purchasing in the lands, toward their payment, in his own name, in trust for the heirs, and holds a deed to himself in that form from the trustee under the deeds of trust. We think, under such circumstances, it is not for appellant to object that, as against himself, appellee is not entitled to the possession of the premises.

It is objected to the recovery, that appellee was in possession of only a part of the premises, he testifying that he was in possession of only the house and garden on the premises. Where one is thus in possession of premises, we do not think an action of this kind should be defeated in whole or part by testimony of that kind.

The objection, that the notice of the sale by the trustee was not in compliance with the deeds of trust requiring notice to be published in four public places in the county, because two of the public places named where the notice was posted were at the court house and at the post-office in Salem—that Salem is but one public place in the county, and that two notices in Salem are not two notices in two public places in the county, according to the intention of the trust deeds—even were it well taken, which we do not admit, could not be availed of in this action. The only remedy, if any, on that ground, would be in equity. *Dawson* v. *Hayden et al.* 67 Ill. 52.

It is objected to plaintiff's second instruction, that it does not require, as an essential to the right of action, that there should have been a demand of possession, in writing. Taking the whole instruction together, it hardly seems fairly open to the objection, but even if it were, as there was undisputed proof of a demand of possession, in writing, the instruction would be technically defective, but could have caused no harm to appellant.

The judgment will be affirmed.

*Judgment affirmed.*