W. H. Kratz

*v.*

Eli Buck.

*Filed at Springfield September 27, 1884.*

1. FORCIBLE DETAINER—*by purchaser at judicial sale—against whom the action will lie.* The remedy of forcible detainer given by statute in favor of a purchaser at a judicial sale after the time of redemption has expired, is not restricted to the nominal party against whom the judgment is obtained, but may be employed against any one who, either before or after the time of redemption has expired, obtains possession from the defendant in the judgment or decree.

2. SAME—*by purchaser at judicial sale—evidence necessary to a recovery.* While it is true that the question of title can not arise on the trial

of an action of forcible detainer, nevertheless a purchaser at a judicial sale of land can not recover against the judgment debtor, or one succeeding to his rights and possession, unless he offers in evidence a valid judgment, execution and sheriff's deed. These are indispensable requisites to a recovery, for the reason that a sale of the land under a judgment, and a failure to redeem, must be shown. In such case the judgment, execution and sheriff's deed are evidence that the land has been sold and that there has been no redemption.

3. Where land was sold under execution issued upon a judgment against A, and B, his wife, and C, after A had placed the title fraudulently in his wife, and D afterwards recovered a judgment against A alone, and under execution thereon redeemed from the prior sale and became the purchaser, and procured a decree finding the title to the land was in A and not B, it was *held,* that D, after taking a sheriff's deed, might maintain forcible detainer for the land against any one succeeding to the possession under A and B, or either of them, after the first sale.

4. REDEMPTION—*by judgment creditor having a judgment against a party who has fraudulently conveyed.* Where land has been sold under execution against a husband and wife, the legal title of which was in the wife by a fraudulent conveyance from her husband, a judgment creditor of the husband alone may redeem from the prior sale, and have the property sold as that of the husband, especially after procuring a decree establishing that the conveyance to the wife was fraudulent and void as to the husband's creditors.

5. PARTIES IN CHANCERY—*bill to set aside conveyance as fraudulent— purchaser at judicial sale.* On a creditor's bill to have a conveyance from a judgment debtor to his wife declared fraudulent, and subject the land to sale, by the complainant, by redemption from a prior sale under a judgment against both the husband and wife, the purchasers under the prior sale, whose rights are conceded and not attacked, are not necessary parties.

WRIT OF ERROR to the Appellate Court for the Third District ;—heard in that court on writ of error to the County Court of Champaign county; the Hon. J. W. LANGLEY, Judge, presiding.

Mr. THOMAS J. SMITH, Mr. J. L. RAY, and Mr. A. H. BRYAN, for the plaintiff in error:

Plaintiff in error was the judgment creditor of Patrick Bates, who was also the debtor of Busey Bros. under their judgment, under which the sale of the land was made; and Patrick Bates, as shown by the decree of the circuit court, was all the time the owner of the land.

Redemptions are looked upon with favor, to the end that the debtor's property may pay as many of his debts as possible. *Sweezy* v. *Chandler*, 11 Ill. 445; *Kearns* v. *Lloyd*, 52 id. 113; *Massey* v. *Westcott*, 40 id. 160; *Schuck* v. *Gerlach*, 101 id. 338.

A judgment, even after the sale of real estate, so that it becomes a lien on the real estate before the time of redemption expires, entitles the judgment creditor to redeem. (*Van-Rensalear* v. *Sheriff of Albany*, 1 Cow. 501; id. 443.) But by our statute it is not even necessary that the judgment of the redeeming judgment creditor should be a lien on the land redeemed, at the time of redemption. *Sweezy* v. *Chandler*, 11 Ill. 445.

Busey Bros. were not necessary parties, as no rights they had were sought to be impaired. Neither was Edward H. Bates, as he bought *lis pendens*, and was bound by the decree. *People* v. *Ransom*, 4 Denio, 145.

The law abhors shifts and connivances for the purpose of changing possession of land. *Jefferson County* v. *Ferguson*, 13 Ill. 33.

A party purchasing *pendente lite*, takes subject to the decree, and is treated as a party to it. (*Jackson* v. *Warren*, 32 Ill. 331; *Rice* v. *Brown*, 77 id. 549.) Such a purchaser holds in subservience to the rights of the parties as finally determined. *Atwood* v. *Mansfield*, 59 Ill. 496; *Walker* v. *Douglas*, 89 id. 425; *Burg* v. *Paxton*, 99 id. 288.

No title can be deduced through a judicial sale after it has been rendered inoperative by a redemption. *Parkhurst* v. *Race*, 100 Ill. 558.

Where the plaintiff shows a valid judgment execution sale, and a deed thereunder, he shows a clear case, under the statute, to recover. *Jackson* v. *Warren*, 32 Ill. 331; *Johnson* v. *Baker*, 38 id. 93.

The party holding the legal title must recover in detainer, and the question as to whether the sale, foreclosure as trustee's

sale, or redemption, was properly made, can not be heard, tried, or inquired into in this action. They must go to a court of equity and have our redemption set aside, but can not defend against our title and right of possession in this action. *Rice* v. *Brown*, 77 Ill. 549 ; *Dawson* v. *Hayden*, 67 id. 52 ; *Graham* v. *Anderson*, 42 id. 517 ; *Rees* v. *Allen*, 5 Gilm. 236.

Mr. J. O. CUNNINGHAM, for the defendant in error:

At the date of the sale under the Busey judgment the title to the land was in Bridget Bates, and the land was levied upon as her property, and the right of redemption was in her. After the year expired it was alone in her judgment creditors. As Patrick Bates had parted with his title, and could not redeem, neither could his creditors. *Phillips* v. *Demoss*, 14 Ill. 410.

The judgment must be a lien on the land before a redemption can be had under it. *Ex parte Wood*, 4 Hill, 542 ; *Ex parte Bank of Monroe*, 7 id. 177 ; *Phyfe* v. *Riley*, 15 Wend. 248.

Buck not being a party to the judgment, the action does not lie against him. The cases cited are not like the present.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought originally before a justice of the peace of Champaign county, by W. H. Kratz, against Eli Buck and James Lynch, to recover possession of certain lands, under the sixth clause of section 2, chapter 57, of the Revised Statutes of 1874, entitled "Forcible Entry and Detainer," which reads as follows: "When land has been sold under the judgment or decree of any court in this State, or by virtue of any sale made under any power of sale in any mortgage or deed of trust contained, and the party to such judgment or decree, or to such mortgage or deed of trust, after the expiration of the time of redemption, when redemption is allowed by law, refuses or neglects to surrender posses-

sion thereof, after demand, in writing, by the person entitled thereto, or his agent." A recovery was had by the plaintiff before the justice, but on appeal to the county court of Champaign county the action was dismissed by plaintiff as to the defendant Lynch, and on a trial as to the other defendant, judgment was rendered against the plaintiff. This judgment was affirmed in the Appellate Court, and the plaintiff sued out this writ of error.

Two questions are presented by the record: First, under the facts can the action of forcible detainer be maintained; and second, was the land in question sold under a judgment and acquired by the plaintiff, within the meaning of the statute which authorizes a recovery against a party to such judgment in this form of action.

On the 25th day of January, 1878, Busey Bros. recovered a judgment in the circuit court of Champaign county, against Bridget Bates, Patrick Bates and Bernard Lynch, for the sum of $250. On the 18th day of January, 1882, an *alias* execution issued on this judgment, which was levied on the land in controversy, and the land was duly sold by the sheriff· to the plaintiffs in the execution, on the 20th day of February, 1882, and a certificate of purchase issued to them. It also appears that W. H. Kratz, the plaintiff in this action, on the 14th day of August, 1876, recovered a judgment in the county court of Champaign county, against Patrick Bates, for the sum of $276.90, and costs of suit. On the 26th day of August, 1876, an execution was issued on this judgment, and returned no property found. On the 15th day of May, 1883, a second execution issued upon this judgment, and was placed in the hands of the sheriff, and at the same time Kratz placed in the hands of the sheriff an amount of money necessary to redeem from the sale made on the judgment in favor of Busey Bros., February 20, 1882. The sheriff filed a certificate of redemption, levied the execution on the premises, advertised, and sold the same to Kratz, who bid the

amount of redemption money, interest and costs, and as no other bid was made, a sheriff's deed was made to the purchaser. The plaintiff also put in evidence a bill in equity filed in the Champaign circuit court by the plaintiff and others, against Patrick and Bridget Bates, and a decree rendered in said cause, March 28, 1883, from which it appears that the land in question was originally owned by Patrick Bates; that on January 13, 1874, he conveyed the land to Bernard Lynch, and on the same day Lynch conveyed to Bridget Bates. The decree finds this transaction fraudulent, and the deeds are set aside, and the land decreed to be in Patrick Bates. The defendant read in evidence the certificate of purchase which was issued to Busey Bros., with an assignment on the back of the same to Edward H. Bates; also a sheriff's deed, made on said certificate, to Bates, May 24, 1883. In connection with this evidence Bates testified that Buck, the defendant, was in possession of the premises in controversy, as his tenant, since March, 1883; that he bought the Busey certificate of purchase January 25, 1883, and his mother, Bridget Bates, let him take possession under the certificate after he bought. He also testified that he was the son of Patrick and Bridget Bates.

Under these facts the county court refused to hold as law the following propositions:

*First*—That the redemption of the land in controversy in this suit by the plaintiff, Kratz, from the sale of the same, on Busey Bros. judgment on execution issued on their judgment, was a legal redemption from the sale of said land.

*Second*—That the deed issued by the sheriff to Edward H. Bates, the assignee of the certificate of purchase issued to Busey Bros., was and is void, and has no legal effect.

*Third*—That the plaintiff, Kratz, may maintain this action, to-wit, forcible detainer, against the defendant, Eli Buck, for so much of the land as the evidence shows he was in possession of at the time of the commencement of this suit.

It is contended that this action can not be maintained against Buck, who is in possession under Edward H. Bates, and the county court so held. As before observed, the stat-ute provides that the action may be brought against the party to the judgment under which the lands were sold. Was the defendant, Buck, a party to the judgment, within the meaning of the statute? The construction of this statute authorizing a purchaser under a judicial sale, after his purchase had ripened into a title, to sue for the possession of the land in an action of forcible detainer, first came before this court in *Jackson* v. *Warren*, 32 Ill. 331, and it was there held that the remedy was not restricted to the nominal party against whom a judgment or decree was rendered, but may be employed against any one who, even after the time of redemption from the sale, obtains possession from the defendant in the judgment or decree. It was also held that all parties bound by the decree might, to that extent, be said to be parties to the decree, within the meaning of the statute, although not named in the decree. The same rule was announced in *Rice* v. *Brown*, 77 Ill. 349. Here, at the time of the rendition of the judgment in favor of Busey Bros., Patrick and Bridget Bates, against whom the judgment was rendered, were in possession of the premises, and, so far as appears, they remained in possession until January 25, 1883, when, as appears from the evidence of Edward H. Bates, his mother, Bridget Bates, surrendered the possession to him, and he leased to Buck. It thus appears that Edward H. Bates and Buck stand in the shoes of Bridget Bates, who could not, a short time before the time of redemption expired, turn over the possession to them and defeat the remedy provided by the statute. Suppose a person against whom a judgment or decree has been rendered, after a sale of his land under the judgment or decree, and before redemption expires, conveys his interest in the land to another, who enters into possession under such deed, can such person successfully resist an action of forcible detainer brought by the

purchaser under the judgment or decree after the time of redemption has expired and a deed has been made to such purchaser? We think not; and yet there is no difference, in principle, between the case supposed and the one under consideration. Had Patrick and Bridget Bates remained in possession until the plaintiff obtained his deed, there is no question in regard to the right of plaintiff to maintain the action against them, and in our judgment the defendant who went in under them, occupies no better position.

We now come to the other question. It is true that the question of title can not be determined in an action of this character, but at the same time a plaintiff can not recover, under the statute, unless he offers in evidence a valid judgment, execution and sheriff's deed. These are indispensable requisites to a recovery, because a sale of the land under a judgment, and a failure to redeem, must be established, and the judgment, execution and sheriff's deed constitute the evidence that the land has been sold and not redeemed. (*Kepley* v. *Luke,* 106 Ill. 395.) As has been before observed, the plaintiff read in evidence a judgment, execution and sheriff's deed, but the deed was obtained on a sale of the premises under a redemption made by the plaintiff as a judgment creditor, from a prior sale of the land on execution, and it is insisted that the redemption was illegal. The sale redeemed from was in satisfaction of a judgment in favor of Busey Bros., against Bridget Bates, Patrick Bates and Bernard Lynch, while plaintiff's judgment, under which he redeemed, was against Patrick Bates alone, and it is claimed that the legal title to the land was in Bridget Bates when it was sold on the Busey judgment, and that it was sold as her property, and as plaintiff's judgment was not against her, he could not be regarded as a judgment creditor, within the meaning of the statute, and had no right to redeem. The fact that the sheriff may have regarded the property sold as the property of Bridget Bates, if such is the fact, is a matter

of no moment. As the judgment, as well as the execution upon which the property was sold, was against Bridget and Patrick Bates, whatever title, legal or equitable, either of them had in the land, was sold by the sheriff, and if it turned out that the land sold was the property of Patrick Bates, the statute conferred the right of redemption on any of his judgment creditors. Before plaintiff redeemed as a judgment creditor, it was determined by a decree of the circuit court of Champaign county that Bridget Bates never acquired title to the land, but on the other hand, the title was in Patrick Bates. It will not, therefore, be necessary to enter upon a discussion of the question whether plaintiff, as a judgment creditor of Patrick Bates, could redeem from a sale of lands belonging to Bridget Bates, on judgment and execution against the two.

But it is said that Busey Bros. were not parties to the decree, and their rights can not be affected by it. It was not necessary that they should be parties to the decree, for the reason that it was not attempted by the bill to impair or in any manner abridge their rights. Whether the land belonged to Bridget Bates or Patrick Bates, in no manner concerned Busey Bros., as their judgment was against both of them, and the sale would pass the title whether it was held by the one or the other, or both. The decree did not attack the validity of the sale or call it in question, but by not making Busey Bros. parties, rather conceded that their sale was valid, and they or their assignee would be entitled to the redemption money which remains in the hands of the sheriff, subject to their order.

In conclusion, we are of opinion that the county court erred in the construction of the law applicable to the case.

The judgment of the Appellate Court will be reversed, and the cause remanded.

*Judgment reversed.*