<hr />

### Adolph Peters v. Emma Balke.

### Sophie Muller v. Same.

1.   FORCIBLE ENTRY AND DETAINER—*Possession by Grantor of Plaintiff.*—In an action of forcible entry and detainer it is not necessary that a plaintiff, who claims under the sixth article of the second section of the forcible entry and detainer act, should show that his grantor had actual possession of the premises claimed; a possession by tenant will be sufficient.

2. SAME—*Deeds Admissible as Evidence.*—While it is true that questions of title can not be determined in an action of forcible entry and detainer, it does not follow that deeds are inadmissible as evidence in such an action; on the contrary, the statute clearly contemplates their admission.

**Forcible Entry and Detainer.**—Appeals from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding, in Peters v. Balke; the Hon. EDWARD F. DUNNE, Judge, presiding, in Muller v. Balke. Affirmed. Opinion filed February 1, 1897.

### STATEMENT OF THE CASE.

These are appeals from judgments of the Circuit Court of Cook County, on trials of actions of "forcible entry and detainer," commenced before a justice of the peace and tried in the Circuit Court on appeals by the appellants from judgments in the justice court.

The questions now presented on the records are purely questions of law.

It appears that one Edward Muller on and prior to the 20th of December, 1889, was owner in fee of a lot at 63 Cleveland street, in the city of Chicago. It was improved with a two-story building in front and a cottage in the rear. The judgments in these cases award possession of this cottage to the appellee. Both buildings were, December 20, 1889, occupied by tenants, appellee's husband being the tenant of the top flat of the front house. Edward Muller was then living with appellee and her husband at this flat. After the 20th of December, and before the end of January, he married one Magdalena Hubacher, and in anticipation of the marriage appellee and her husband vacated the top flat. Magdalena died within two years of her marriage to Edward Muller, and Edward, in 1892, married Sophie Muller, appellant here (defendant below), and in May, 1895, he died in the cottage in the rear of the lot, where he and Sophie had lived for some time, leaving her surviving. Deceased made a will—now duly proved in the Probate Court —leaving everything to his widow, the appellant.

Appellee's claim is founded upon two deeds, one a deed of trust from the deceased, dated 20th December, 1889, to

one Gloeckler, trustee, and one dated May 20, 1895, after the death of Edward Muller, by the trustee to appellee.

The deed of trust purports to convey this lot and its improvement to the trustee upon trusts, *inter alia :*

1.   For the grantor for life.

2.   After his death, if Magdalena Hubacher, whom he is about to marry, survived him as his widow, said Magdalena to occupy rear house and draw rents from lower flat of front house.

3.   During life of Magdalena, Emma Balke, daughter of C. J. H. Muller, to occupy top flat of front house, etc.

4.   After the death of said Edward Muller, if he should die unmarried to said Magdalena Hubacher, or after the death of said Magdalena, if she should survive said Edward as his widow, then said trustee Gloeckler shall convey said property by good and sufficient deed to Emma Balke, her heirs and assigns, in fee simple.

The deed from the trustee is in the usual quit-claim form.

The alleged errors relied on in this case are as to the construction and interpretation of the statute, and the deed of trust referred to, appellant insisting (1) that to maintain this form of action under the statute, proof of an actual possession—a *pedis possessio*—by Edward Muller when he executed the deed of trust, was necessary; that a constructive possession by tenant was insufficient; (2) that the action of forcible detainer being a possessory one, the question of the devolution of title under the trust deed could not be litigated in it, and (3) that under a correct construction of the deed of trust appellee acquired no title whatever.

Henry N. Stoltenberg and Sullivan & McArdle, attorneys for appellants.

Lackner & Butz, attorneys for appellee.

Mr. Justice Waterman delivered the opinion of the Court.

The sixth article of the second section of the statute of this State relating to forcible entry and detainer, provides

that " when lands or tenements have been conveyed by any grantor in possession, or sold under the judgment or decree of any court of this State,   *   *   *   and the grantor in possession or party to such judgment or decree,   *   *   * after the expiration of the time of redemption, when redemption is allowed by law, refuses or neglects to surrender possession thereof, after demand in writing by the person entitled thereto, or his agent, the person entitled to the possession of such lands or tenements may be restored thereto."

In Jackson v. Warren, 32 Ill. 331, it was held that the remedy thus provided was not restricted to the nominal party against whom the judgment or decree was rendered, but might be employed against any one who, even after the time of redemption from the sale, obtained possession from the defendant in the judgment or decree; and it was also held that all parties bound by a decree might, within the meaning of this statute, be said to be parties to the decree although not named therein.

The rule thus announced was followed in Rice v. Brown, 77 Ill. 549, and in Kratz v. Buck, 111 Ill. 40. In the case last named, the court said that if a person against whom a judgment or decree has been rendered, after a sale of his land thereunder before the expiration of the time of redemption, conveyed his interest in the land to another, who entered into possession under such deed, such grantee could not successfully resist an action of forcible detainer brought by the purchaser under the judgment or decree after the time of redemption had expired and he had received thereunder a deed.

The words in the said sixth article, "party to such judgment or decree," being held to include one bound by such judgment or decree, as well as one receiving a conveyance from such party, it seems that the words " grantor in possession " must be held to include parties entering into possession under such grantor subsequent to the making of his grant.

In the present case Edward Muller was the grantor in

possession, and Emma Balke is the grantee under and in pursuance of the grant of Edward Muller; she is, therefore, within the terms of the sixth article of the second section of the statute concerning forcible entry and detainer.

Counsel insists that to the maintenance of this action under said sixth article, an actual *pedis possessio* by the grantor is necessary, and that possession by a tenant is not sufficient.

Said sixth article does not contemplate that the party against whom the judgment or decree has been rendered must have had an actual *pedis possessio* at the time of the rendering of such judgment or decree, in order that after sale and the expiration of the period of redemption an action of forcible detainer may be maintained against him or his grantee, or a person in possession, who is bound by such judgment or decree.

The object of the statute, the purpose and intent for which it exists, is to provide a means by which the person actually entitled to the possession of lands may be speedily restored to the possession thereof.

Under the well known rule that the possession of a tenant is the possession of the landlord, there is no reason why, when such landlord has conveyed premises, he should not be, under the statute of forcible detainer, compelled to give possession thereof to the person entitled thereto, the same as if he had been in actual personal occupancy instead of holding through a tenant.

It is also urged that deeds are not admissible in an action of forcible detainer, it not being for the trial of title, and that neither the deed by Edward Muller nor that to Emma Balke should have been admitted in evidence.

It is true that questions of title can not be determined in an action of forcible detainer, but it does not follow from this that deeds are inadmissible in such action; on the contrary, the statute clearly contemplates the admission of such deeds, as a purchaser under the judicial sale must show valid judgment, execution and deed to recover in such action.   Johnson v. Baker, 38 Ill. 98; Kratz v. Buck, 111 Ill. 40; Kepley v. Luke, 106 Ill. 395.

The deed by Edward Muller and that to Emma Balke were properly admitted in evidence. Appellant might have introduced evidence showing that such deeds, or either of them, were or was invalid, but could not have introduced evidence of another title, or contested the validity of the title apparently conveyed by such deeds.

Appellants also insist that the proper construction of the trust deed is such that Emma Balke took under it no title whatever.

The deed has been construed and held to be valid in Muller v. Balke, 154 Ill. 110. It is clear that Edward Muller contemplated, in making said deed, the possibility of the state of affairs which existed at the time of his death, namely, that he would survive Magdalena Hubacher, and that Emma Balke would survive him; that at the time of his death he would be, as he then was, unmarried to Magdalena Hubacher, she having died prior to his decease.

The judgments of the Circuit Court are affirmed.

Gary, J. I do not combat the ingenious argument of Judge Waterman, that the remedy by forcible detainer lies in this case, but, as the right to possession depends upon the title, it would seem that a freehold is involved, which deprives this court of jurisdiction.