## Charles F. Pietsch, Defendant in Error, v. Otto E. Pietsch et al., Plaintiffs in Error.

### Gen. No. 14,902.

INSTRUCTION—*power of court to give peremptory, predicated upon opening statement of counsel.* In an action of forcible entry and detainer, it is within the power of the court peremptorily to instruct for the plaintiff, if, from the opening statement of defendant's counsel, it appears that there is no defense to the action.

Forcible entry and detainer. Error to the Municipal Court of Chicago; the Hon. W. N. COTTRELL, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed February 10, 1910.

**Statement by the Court.** This is a suit in forcible entry and detainer. When the cause came up for trial, a jury having been impaneled, the plaintiff's attorney made an opening statement to the effect that plaintiff's evidence would show that some years before the defendants had made a mortgage upon the property in controversy in this suit, which mortgage or trust deed had subsequently been foreclosed, and a decree entered under which there was a sale of the property; that from this foreclosure sale there was no redemption and that a deed therefor was issued to one Charlotte L. Clark; that afterward plaintiff in the case at bar, purchased the property from the said Charlotte L. Clark, paying therefor three or four thousand dollars (the amount was not stated exactly) and received from said Clark a deed conveying to him the premises in question; that the defendants herein had been in possession of the premises since the foreclosure proceedings, and had refused to surrender possession to the plaintiff after written demand properly made, and that to recover possession of the premises the present action was brought; that the evidence might show there had been some talk concerning a verbal agreement between plaintiff and the defendants, that if the defendants

would pay the plaintiff the amount of money the latter had paid for the property with interest and costs, within a reasonable time, they might buy it and the plaintiff would deed it to them, and that the plaintiff was still willing to do that; but that he now claimed possession of his property.

Thereupon defendants' attorney made a statement in substance as follows: That defendant Mrs. Helen Pietsch was and had been for a long time prior to the foreclosure of the mortgage the owner of the premises in controversy, and lived on the premises; that she gave the mortgage which was foreclosed; that about the time for redemption of the premises from the foreclosure sale she went to the plaintiff herein and wanted him to put up the money, that is "loan her the money for the amount of the mortgage, which was about four thousand dollars, she to remain there" (*i. e.*, to remain on the premises); that plaintiff did "let her have the money as a loan to be repaid, which she agreed to do; but he said, as security for this he would take the deed in his own name;" that this was done; that plaintiff "put up the forty-three hundred or forty-one hundred dollars, advanced the money upon the foreclosure for that amount, and she subsequently paid back part of that money—paid him back a thousand dollars at one time, paid him back one hundred and fifty dollars at another time, and subsequently paid him two hundred dollars more. The total amount he had to start with was forty-two hundred and forty dollars, or something like that." "They run along for three or four years after she had paid him back this money that he had loaned—or paid back part of it—and she had another piece of property on the corner upon which there was another mortgage amounting to eighty-eight hundred dollars; and he said he would loan her enough money to take that in."

Here plaintiff's attorney made an objection which the court sustained; and defendants' attorney said that plaintiff's attorney had stated in open court that if

plaintiff could get back the money coming to him in the matter he would be glad to give Mrs. Pietsch possession of the property; and that defendants wanted to show the jury that plaintiff had got his money back "by means of a mortgage upon the other piece of property and this one."

There followed some discussion, and the court adhered to its former ruling. Thereupon defendants' attorney continued, stating "that the money advanced by Mr. Charles F. Pietsch" (the plaintiff) "was a loan to Mrs. Pietsch and that she has paid back part of that loan;" * * * that "the amount was $4,283.98, upon which as stated, payments have been made, and it was agreed that Mrs. Pietsch should remain in possession of the premises and she has remained in possession of the premises and is in there still and is entitled to remain there; that the premises belong to her. It is her own home and she is legally in possession of those premises. That is the defense in this case."

Thereupon the court said, "I assume you have stated all of your defense?" To which defendants' attorney replied "Yes, sir." The jury were then called in and the court instructed them to "find the defendants guilty of unlawfully withholding from the plaintiff the possession of the premises described in the plaintiff's complaint herein, and that the right of possession of said premises is in the plaintiff." The jury found accordingly and judgment was entered upon the verdict.

Before the opening statements as above, the attorney for the defendants had moved for a continuance, and in support of the motion stated in substance that defendants had been in possession about twelve years, that plaintiff claimed under a deed which defendants claimed was a mortgage; that they—defendants' attorneys of record—had "investigated the case sufficiently to make up our minds that the proper place for this litigation to take place is in a court of equity, and that our clients could not probably receive the jus-

tice they are entitled to in this court.'' In answer to a question by the court one of defendants' attorneys stated that plaintiff held the deed for the property; and in reply to the court's further question, ''Then what question of fact is there for a jury to pass upon?'' said, ''The agreement between the plaintiff and defendants in this case I think will show that they are entitled to the possession of this property. I know the question of title cannot be brought up here; it is not rightfully in issue in a forcible entry and detainer suit, but we shall claim the defendants are entitled to possession.''

EDWIN L. HARPHAM, LAMBERT KASPERS and C. W. GREENFIELD, for plaintiffs in error.

JESSE A. & HENRY R. BALDWIN, for defendant in error.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is sought to reverse this judgment on the alleged ground that ''it is error for a judge at the trial of an action to direct the jury to find a verdict upon the opening statement of counsel.'' Upon this bald assertion defendants' attorneys rest their contention, ignoring the nature of the case disclosed by the statements of counsel on either side, and without reference to whether such statements are deliberate and complete, or whether there is full agreement on both sides as to the material and controlling facts so that no question of fact remains for a jury to determine.

The defendants' counsel in his opening statement in the case at bar admitted that plaintiff acquired title to the premises in question through a sale under a decree of foreclosure upon a mortgage made by defendants. Plaintiff was entitled to maintain his action in forcible entry and detainer for possession of the premises by virtue of clause 6 of section 2 of the Forcible Entry and Detainer Act, R. S., chap. 57. See Rice v. Brown,

77 Ill. 549-551; Dickason v. Dawson, 85 Ill. 53-55. All the proof necessary to enable plaintiff to maintain his action after proof of demand in writing, was the introduction in evidence of his "deed for the purpose of showing that he is a grantee entitled to possession." Peters v. Balke, 170 Ill. 304-313. As said in that case, "the right of possession does not depend upon the title, but upon the existence of the particular facts specified in clause 6 as grounds for the action of forcible entry and detainer." It was stated by plaintiff's attorney that defendants had refused to surrender possession to the plaintiff after written demand properly made. This is not denied by defendants' counsel, whose defense was rested upon a very different ground. The latter counsel expressly admits that plaintiff has a deed of the premises in question. This fact, under section 2 of the statute, demand having been made, was sufficient to entitle plaintiff to be "restored" to possession, and as said in the case last cited, "the title can no more be inquired into for any purpose in this action now than it could before the passage of clause 6." The ground of defense was stated by defendants' counsel as follows: "The premises belong to her. It is her own home and she is legally in possession of the premises. That is the defense in this case." This defense sought to dispute plaintiff's title, which cannot be inquired into in this action. Evidence in its support could not be introduced. It is clear therefore that under the facts conceded by defendants' counsel the plaintiff was entitled to judgment. Defendants' attorney practically admitted this when he said that his clients could not "receive the justice they are entitled to in this court," but would have to go into equity.

There being no question therefore that the judgment is correct upon the facts as conceded by defendants' counsel, the question remains whether the trial court was justified upon these admissions in directing a verdict and entering such judgment as the law required, or whether it was bound to go through the formality of

taking evidence to prove these admitted facts. In Emerich Outfitting Co. v. Siegel, Cooper & Co., 108 Ill. App. 364, the question was whether the trial court could direct a verdict and enter judgment "upon the sole ground that the facts stated by counsel for appellant in his opening address to the jury showed that appellant was not entitled to recover in this action." It was held the court erred in doing this and the judgment was reversed. In the case at bar however the action of the trial court in directing a verdict and entering judgment can scarcely be said, as in that case, to rest "solely upon the insufficiency of the opening statement of the attorney" for either the plaintiff or defendants. There were in this case admissions, express or implied, of all material facts, questions by the court and answers by counsel, statements as to the law applicable and an admission that after having "investigated the case sufficiently to make up" their minds, defendants' attorneys were of opinion the defense could only be asserted in a court of equity. In Lusk v. Throop, 189 Ill. 127-143, an instruction to the effect "that any statement made by counsel for plaintiffs in his opening statements to you about what the evidence would show is as binding upon these plaintiffs as if the plaintiffs themselves had made such statement," was held to have been properly refused. The court said: "Counsel is not confined in the introduction of evidence to the statement which he makes in the opening of his case, since this would oblige him at his peril to announce to the jury each item of evidence which he intended to introduce." In the case at bar however each material item of evidence was so stated. It needs no argument to show that the instruction in the case last cited was erroneous. But it may well be that while every opening statement of counsel as to what the evidence will show could not properly conclude the client, there are cases in which it is evident that statements of counsel have been so careful, deliberate and exhaustive that formal introduction of the evidence would

be superfluous, of no benefit to either party. In Oscanyan v. Arms Co., 103 U. S. 261, the Supreme Court of the United States held that where it appears by an opening statement of plaintiff's counsel a contract sued upon is void for any reason, the court may and should direct a verdict for defendant. In that case the contract was founded upon a corrupt consideration; but if that conclusion could be reached and acted upon by the court on the opening statement of counsel in a case of that kind, why should not a court act upon any opening statements which show clearly and conclusively that the action or defense cannot be maintained? In that case the court by Mr. Justice Field said (p. 263): "Several reasons are presented against the power of the court to direct a verdict upon the statement of facts which the plaintiff proposed to prove that might be more properly urged against its exercise in particular cases. The power of the court to act in the disposition of a trial upon facts conceded by counsel is as plain as its power to act upon the evidence produced. The question in either case must be whether the facts upon which it is called to instruct the jury be clearly established. If a doubt exists as to the statement of counsel, the Court will withhold its directions, as where the evidence is conflicting, and leave the matter to the determination of a jury." So in the case at bar, the question is whether the facts upon which the court was called to instruct the jury were clearly established, and are conclusive as to the right of either party to judgment. In that same case (Oscanyan v. Arms Co., *supra)* the court further said: "In the trial of a cause the admissions of counsel, as to matters to be proved are constantly received and acted upon. They may dispense with proof of facts for which witnesses would otherwise be called. * * * Indeed any fact bearing upon the issues involved admitted by counsel, may be the ground of the court's procedure equally as if established by the clearest proof. And if in the progress of a trial, either by such admission or

proof, a fact is developed which must necessarily put an end to the action, the court may upon its own motion, or that of counsel, act upon it and close the case.'' This reasoning is we think sound. Of course the power of the court to direct a verdict upon admissions of counsel, whether made in an opening statement or during the trial, should be exercised with extreme caution and only in cases where the duty is plain, just as it should be when exercised at the close of all the evidence. In either event and in any case its exercise is subject to review, and we perceive no sound reason why the rights of litigants are not as securely guarded in the one class of cases as in the other.

We are aware that there is a difference of opinion on this question among courts whose opinions are entitled to respect. In Fletcher v. London & Northwestern Ry. Co., 65 Law Times Rep. 605, the English court seems to have reached a different conclusion; but the result there was that the court ordered a new trial, which would be done and is done in any case where the reviewing court is of opinion the power to direct a verdict has been improperly exercised. To say however that the trial court shall in no case be permitted to act upon the admissions of counsel, whether in opening statements or during the course of the trial—and if the power is denied in the one case it should by the same reasoning be denied in the other—would be to move in the direction of making the trial judge an automaton, to deprive the court of authority necessary at times to the prompt and speedy administration of justice and to lay down a rule of practice tending unnecessarily to prolong litigation.

For the reasons indicated the judgment will be affirmed.

*Affirmed.*