## Marion F. Jones, Appellee, v. Elizabeth Ritter and Ralph Ritter, Appellant.

1. LANDLORD AND TENANT, § 478*—*when evidence sufficient to show giving notice of intention to terminate tenancy by landlord.* In an action of trover by a farm tenant against the landlord to recover the value of a crop of corn which matured after the alleged date of termination of the tenancy, evidence including an admission of plaintiff's counsel, *held* sufficient to show the giving of notice of intention to terminate the tenancy by the landlord at a date prior to the maturity of the crop.

2. LANDLORD AND TENANT, § 485*—*when giving of second notice of termination of tenancy does not constitute waiver of first notice.* A second notice by a landlord of termination of the tenancy at a particular time does not constitute a waiver of the prior notice, but must be deemed a precautionary measure, where the tenant is not misled.

3. LANDLORD AND TENANT, § 478*—*when tenant may not complain of notice of termination of tenancy.* A tenant of a farm cannot complain because more notice than that stipulated by the lease as to intention to terminate a tenancy from year to year is given.

4. LANDLORD AND TENANT—*when lease of farm land is not invalid.* A lease of farm land for five years beginning September 1st of a particular year and providing for termination of the tenancy by either party by giving sixty days' notice prior to September 1st of any particular year is not invalid as being against public policy because of its unusual period of termination.

5. LANDLORD AND TENANT, § 526*—*when tenant has no right to crops after termination of lease.* Where a term is fixed in time, either by the terms of the lease itself or by a notice terminating it at a time when the landlord has the right to end it, the tenant has no right to crops planted after notice of termination of the lease, but maturing after its termination.

Appeal from the Circuit Court of Brown county; the Hon. ALBERT AKERS, Judge, presiding. Heard in this court at the October term, 1916. Reversed with finding of fact. Opinion filed April 16, 1917. Rehearing denied and opinion modified and refiled July 2, 1917.

J. F. REGAN and HARTZELL & CAVENAUGH, for appellants.

W. Y. BAKER and S. A. HUBBARD, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Presiding Justice Thompson delivered the opinion of the court.

On September 27, 1910, Elizabeth Ritter leased to Marion F. Jones a quarter section of land from the 1st day of September, 1911, to the 1st day of September, 1916, at an annual rental of $350. The lease contains the following provision: "It is agreed that either party may terminate this tenancy, at the end of the third or any subsequent year, upon giving to the other party 60 days' notice in writing prior to the end of such year of such intention." There is also a provision that the tenant shall not plow up a piece of nineteen acres of land now in clover unless the same shall be winter killed.

The landlord claims to have given to the tenant a written notice in January or February, 1915, that she had elected to terminate the tenancy on September 1, 1915, the end of that tenant year. The tenant plowed up the nineteen acres of clover land and planted it in corn. In June, 1915, a second notice in writing was given Jones by the landlord notifying him of her election to terminate the tenancy on September 1, 1915. Jones vacated the leased premises September 1st, leaving the corn, which had not then matured, on the premises. In October, Jones desired to return and harvest the corn, but re-entry to gather that on the nineteen acres was refused. Jones brought this suit against the landlord and her son in trover to recover the corn.

A jury returned a verdict in favor of plaintiff for $194.75, on which judgment was rendered. The defendants appeal.

The only question involved is the right of appellee to harvest the corn off the nineteen acres that was on the land that had been in clover. There was other corn on the land, but appellant did not object to appellee entering the premises and gathering the other corn

after the expiration of the lease. The right of appellee to harvest the corn on the nineteen acres depends upon when the lease was terminated and whether the corn had been planted at that time.

The corn, under the proof, was planted in the last days of May and the first days of June. It did not mature until in October. The fact that appellant may have permitted the appellee to gather other corn, that she might have prevented him from gathering, is not a waiver of her right to deny him the privilege of gathering the corn on the nineteen acres, if she had the legal right to refuse him that privilege. If the notice served in January or February legally terminated the lease on September 1st, that termination of the tenancy was not waived by a subsequent notice to the same effect.

There is a controversy over the question whether a notice to terminate the tenancy on September 1, 1915, was given in January or February of that year. Appellee testified to receiving a notice in June, 1915, which caused him to vacate the land September 1st. He denied getting and that the son of appellee handed any notice to him in January or February, but said he got a letter through the mail. He said he had been unable to find the letter, that it was lost. He was asked to give the contents of the letter but an objection was sustained on the ground that it was immaterial. A son of appellant testified that he wrote a notice and that both his mother and he signed it; that he read to and handed this notice to appellee the last of January or 1st of February, 1915, in the presence of one Briggs. The witness was asked to give the substance of the notice and replied: "I told him we wanted the place on the 1st day of September, and to not plow this certain piece of ground; didn't want any more plowing in that piece of ground." The appellant testified in her own behalf and was asked concerning the writing

she signed and in January delivered to her son. Counsel for appellee thereupon stated, "we admit he got it," and counsel for appellant stated: "It is hereby stipulated and agreed that defendant Elizabeth Ritter gave written notice to the plaintiff in the latter part of January or the fore part of February, of the year 1915, of her intention and election to terminate the lease offered in evidence on the first day of September, 1915." Counsel for appellee made no reply to this statement. It must be taken as proven that written notice was given in January or February, 1915, terminating the lease on September 1, 1915. The second notice terminating the lease on September 1st was given on June 22nd, after the corn was planted. The appellant was in no way misled by the second notice. It was not, and could not be understood as a waiver of the former notice but it was only precautionary, if for any reason the first should be held insufficient. 24 Cyc. 1334.

The lease under its terms terminated on September 1, 1916, without notice, or either party had the right to terminate it at the end of the third or any subsequent year by giving sixty days' notice of such termination. The statute, chapter 80, sec. 5 (J. & A. ¶ 7043) provides: "In all cases of tenancy from year to year, sixty days' notice, in writing, shall be sufficient to terminate the tenancy at the end of the year. The notice may be given at any time within four months preceding the last sixty days of the year." At common law, notice of at least six months, ending with the period of the year at which the tenancy began, was required to terminate a tenancy from year to year. Parties under the common law could agree in the lease that it might be terminated by a less notice. "When the lease provides for thirty days' notice or any other period whether more or less than that required by law it must be given, but while less notice than that stipulated for

is insufficient, yet, the tenant cannot complain because more is given." Wood's Landlord & Tenant, p. 80; *Rogers v. Kingston,* 34 L. H. Ch. 165; *Richardson v. Gifford,* 1 Ad. & El. 52. An agreement in the lease as to the notice, which shall be given to terminate it, would appear to supersede the statute, and the fact that the notice is given for a longer time than the agreement requires would not render the notice void, and, if given for the time provided in the lease, it is binding on the parties. We are constrained to hold that the notice given in January or February terminating the lease September 1st was a valid and binding notice, and no act of appellee, done after that time, could give him any right in or upon the premises after September 1st. The parties made their own contract when they executed the lease. The parties cannot avoid the contract knowingly made, because of its unusual time of termination. It is their contract; it is not contrary to public policy and they are all bound by it.

The tenancy was terminated before the corn was planted. When the term is fixed in time, either by the terms of the lease or by a notice terminating it at a time when the landlord has the right to end it, the tenant has no right to crops planted after notice of the termination of the lease but maturing after its termination. 8 Amer. & Eng. Encyc. of Law 319. "If his term is certain and does not depend upon a contingency, so that at the time he sows the crop he may know that his term will not continue until he shall have reaped it, he will not be entitled to it as emblements" or waygoing crops. Taylor's Landlord & Tenant, secs. 534-536; Wood's Landlord & Tenant, p. 971.

Under the evidence in the case and the admission of the appellant, no judgment for the recovery of the value of the corn planted after the notice terminating the lease was given in January or February can be sustained. The judgment is reversed with a finding of

fact that the lease was terminated under the agreement in the lease by a notice given in January or February, 1915, more than sixty days before September 1, 1915, and the corn sought to be recovered was planted after that time.

*Judgment reversed with finding of fact.*