Bernadyne Wein, Appellee, v. Albany Park Motor Sales Company, Appellant.

Gen. No. 42,001.

358

Heard in the second division of this court for the first district at the October term, 1941. Opinion filed December 30, 1941.

JOSEPH FISHER and LAFAYETTE FISHER, both of Chicago, for appellant; S. R. HASSEN, of Chicago, of counsel.

FREEMAN & FREEMAN, of Chicago, for appellee; EARL FREEMAN, of Chicago, of counsel.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This appeal seeks to reverse a judgment entered in the municipal court of Chicago on June 4, 1941, in

favor of plaintiff, Bernadyne Wein, against defendant, Albany Park Motor Sales Company, in an action of forcible entry and detainer. The case was tried before a jury. At the conclusion of all the evidence the court directed a verdict for plaintiff and the judgment appealed from was entered upon said verdict. No question is raised on the pleadings.

On April 30, 1941, plaintiff, Bernadyne Wein, filed this action of forcible entry and detainer against defendant for possession of the premises at 2742–50 Lawrence avenue, Chicago, Illinois. On November 8, 1933, the Chicago Title & Trust Company, as successor trustee, filed a complaint in the circuit court of Cook county to foreclose the lien of a trust deed on the premises involved herein, which trust deed had theretofore been executed by Moe I. Schiffman and his wife. A decree of foreclosure was entered in said proceeding on June 6, 1935. Pursuant to said decree, the premises were sold at the foreclosure sale to one Mary Barton on January 16, 1940. The period of redemption expired 15 months later or on April 16, 1941.

During the period of redemption Mary Barton, who held the master's certificate of sale, entered into a lease for said premises with defendant, the period of said lease to commence May 1, 1941, which was 15 days after the expiration of the redemption period and to end April 30, 1944. The defendant had previously been in possession of the premises under a lease from the receiver in the foreclosure proceeding, which lease was for the period commencing January 15, 1940, and ending April 30, 1941. The expiration date of this lease extended 15 days beyond the period of redemption. Although defendant claims the right of possession under both of said leases, it did not see fit to offer in evidence the lease from the receiver to it.

On April 9, 1941, which was prior to the expiration of the redemption period, one Herbert Silverman, a judgment creditor of Moe I. Schiffman, one of the

mortgagors in the foreclosure proceeding, redeemed from the foreclosure sale by levying against the mortgaged premises on a writ of execution issued pursuant to his municipal court judgment and a deed for the premises was executed by the bailiff of the municipal court to Silverman. On April 10, 1941, Silverman and his wife executed a deed covering said premises to plaintiff, Bernadyne Wein. It is under this deed from Silverman to plaintiff that she claims the right to possession.

Defendant offered to prove that the redemption by Silverman and the deed from Silverman to plaintiff constituted a fraudulent scheme to circumvent its lease from Mary Barton, which offer of proof was rejected by the trial court. We think that the court's ruling in this regard was proper as will be hereafter shown.

Defendant's position as stated in its brief is as follows:

"1. That the Court in an action of forcible entry and detainer had no jurisdiction of the subject matter of the suit.

"2. That its right to the possession of said premises is based upon its leases to said premises.

"3. That plaintiff is not a bona fide assignee of the redeeming creditor; that plaintiff is the assignee of defendant's lessor, and had notice and knowledge of defendant's leases to said premises; that plaintiff is in no position to object to defendant's right of possession.

"4. That the court, assuming it has jurisdiction of this suit, erred in directing a verdict for the plaintiff."

To sustain the judgment of the trial court plaintiff relies on the following propositions:

"1. The defendant is a party to the decree under which the premises were sold, within the meaning of clause 6 of section 2 of the Forcible Entry and Detainer Act, and consequently, the Court has jurisdiction.

"2. Defendant's lease from the receiver expired on April 16, 1941, which was the date on which the period of redemption expired.

"3. Defendant's lease from Mary Barton was of no force or effect.

"4. Defendant's offer of proof was properly rejected, because in an action of forcible entry and detainer, title cannot be put in inquiry.

"5. There being no question of fact for the jury to determine, the Court properly directed a verdict for plaintiff."

Clause 6 of section 2 of the Forcible Entry and Detainer Act (ch. 57, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 109.264]) provides as follows:

"The person entitled to the possession of lands or tenements may be restored thereto in the manner hereafter provided:

". . .

"Sixth, When lands or tenements have been conveyed by any grantor in possession, or sold under the judgment or decree of any court in this state, or by virtue of any sale in any mortgage or deed of trust contained and the grantor in possession *or party to such judgment or decree* or to such mortgage or deed of trust, after the expiration of the time of redemption, when redemption is allowed by law, refuses or neglects to surrender possession thereof, after demand in writing by the person entitled thereto, or his agent." (Italics ours.)

Plaintiff claims the right to possession under the foregoing italicized provision of the statute. Defendant contends that the trial court had no jurisdiction of the subject matter of this action because said defendant was not a party to the foreclosure decree under which the premises were sold. The question is thus presented as to whether defendant was a party to the decree in the foreclosure suit within the meaning of said provision of the statute. It will be noted

that defendant went into possession of the premises under a lease from the receiver appointed in the foreclosure proceeding. The receiver was authorized to make this lease by the following order entered by the court in said proceeding:

"It is, Therefore, Ordered that leave be and the same is hereby granted to E. C. Schuett, receiver herein, to enter into a lease with the Albany Park Motor Sales Company, a corporation, for a fifteen month period commencing January 15, 1940, at a monthly rental of $150.00 per month."

It has been repeatedly held that where, as here, a party secures possession from a receiver and thus acquires his interest in the premises during the pendency of the foreclosure proceeding, said party takes subject to the determination of that suit and is within the meaning of the section of the statute under consideration a party to the decree. It was so held in *Meier v. Hilton*, 257 Ill. 174, where the court said at p. 179:

"The action of forcible entry and detainer is a summary statutory proceeding for restoring to the possession of land one who is wrongfully kept out or has been wrongfully deprived of the possession, in the particular cases mentioned in the statute. It is a possessory action, only, and it usually arises where one's possession has been forcibly invaded, between landlord and lessee, vendor and vendee, or the purchaser at a judicial sale and a party to the judicial proceeding. The question of title cannot be tried, but only the right of possession. Here the defendants' possession was acquired under the receiver, during the pendency of the litigation, and their contract with Amos [mortgagor] was made after he was served with process. Having acquired their interest during the pendency of the suit they take subject to its determination, and are, within the meaning of the statute, parties to the decree."

In *Jackson v. Warren,* 32 Ill. 331, the aforesaid statutory provision was given an even more comprehensive construction. There the court said at p. 340:

"In one sense, the whole public is a party to a decree, for that, itself, is of a public nature and of record, of which all persons are bound to take notice. He, then, who meddles with the property, which is the subject of the decree, becomes, by that act, a party to the decree." (To the same effect are *Kratz v. Buck,* 111 Ill. 40; and *Rice v. Brown,* 77 Ill. 549.)

Therefore it clearly appears that defendant was a party to the decree in the foreclosure proceeding within the meaning of clause 6 of section 2 of the Forcible Entry and Detainer Act and that the trial court had jurisdiction of the subject matter of this cause.

While the defendant bases its right to possession on both leases, that from the receiver for the period from January 1, 1940 to April 30, 1941, and that from Mary Barton for the period from May 1, 1941 to April 30, 1944, neither of these leases can be of any avail to it as a defense.

Defendant asserts that this action, which was filed on April 30, 1941, was prematurely brought because its lease from the receiver by its own terms did not expire until midnight April 30, 1941. However, defendant overlooks the fact that by the order of court, heretofore set forth, the receiver was only authorized to enter into a lease with it for the 15 month period commencing on January 15, 1940, which period would expire April 15, 1941. As already stated, the statutory period of redemption expired on April 16, 1941, and not only was the receiver not authorized under the law or by the court's order to lease the premises beyond said date, but the court itself did not have the power or authority to authorize the receiver to do so. As was said in *Chicago Joint Stock Land Bank v. McCambridge,* 343 Ill. 456, at p. 461: "The order pur-

porting to authorize the receiver to lease the premises for a term beyond the expiration of the period of redemption was not within the jurisdiction of the court and conferred no authority to lease the land beyond the expiration of the mortgagor's estate.''

It is obvious that that portion of the lease from the receiver to defendant was void which purported to extend the period covered by the lease beyond April 16, 1941, and that this lease actually expired on April 16, 1941, which was the expiration date of the redemption period. This suit having been filed on April 30, 1941, there is no merit in defendant's contention that it was prematurely brought.

The lease entered into during the redemption period between Mary Barton and the defendant for the period from May 1, 1941 to April 30, 1944, was clearly void. Mary Barton never had title to the premises. She merely held the certificate of sale, which in the event there was no redemption would have entitled her to a master's deed at the expiration of the redemption period. ''The interest of the appellant . . . as holder of the certificate of purchase from the master is not a vested one but is merely a right to receive a deed if the premises are not redeemed.'' *Klein v. Mangan,* 369 Ill. 645. ''The purchaser at the master in chancery's sale by the issuance of the master's certificate of sale acquires no title to the land, either legal or equitable.'' *Hack v. Snow,* 338 Ill. 28. To the same effect are *Hooper v. Goldstein,* 336 Ill. 125 and *Strauss v. Tuckhorn,* 200 Ill. 75.

When Mary Barton executed the lease to defendant her interest in the premises was a mere intangible expectancy, which was wiped out when Silverman redeemed the property. Since Mary Barton, under whom defendant claims, never had title to the premises or the right to possession thereof but merely had the right to receive a master's deed in the event that there

was no redemption, the purported lease she made with defendant for the period commencing after the redemption period must be held to be void and of no effect.

Defendant claims that the court erred in excluding the evidence embraced in its offer of proof, heretofore referred to. There is no merit in this contention. Defendant sought to show by oral evidence that Mary Barton and plaintiff, Bernadyne Wein, entered into a conspiracy to defeat the Barton lease to it by having Silverman redeem and deed the property to plaintiff. In other words the defendant attempted to attack Silverman's and plaintiff's title by showing that it was Mary Barton who actually redeemed the property and not Silverman.

The rule of law has been long and firmly established that in an action of forcible entry and detainer, the title to the premises involved cannot be inquired into, said action being purely a possessory one. (*Doty v. Burdick,* 83 Ill. 473; *Hammond v. Doty,* 184 Ill. 246; *Meier v. Hilton,* 275 Ill. 174; *Shulman v. Moser,* 284 Ill. 134; *Chicago Ry. Equipment Co. v. Wilson,* 250 Ill. App. 231.) The rule is also well established that equitable defenses are not allowed in a forcible entry and detainer action. (*St. Louis National Stock Yards v. Wiggins Ferry Co.,* 102 Ill. 514; *Illinois Cent. R. Co. v. Baltimore & O. & C. R. Co.,* 23 Ill. App. 531; *Knox v. Hunter,* 150 Ill. App. 392.) What defendant actually attempted to do by its offer of proof was to set aside the deed from Silverman to plaintiff, but as stated in *Jones v. Jones,* 281 Ill. 595, 600, "The equitable right of the appellant to have a deed set aside could not be tried in a forcible entry and detainer suit."

Since the only purpose of the evidence outlined in defendant's offer of proof was to attack plaintiff's title and to attempt to contradict the recitals in the in-

struments of title through which plaintiff claims a right to possession, said offer of proof was properly rejected.

Since it conclusively appears that there was no question of fact for the jury to determine, there was no other course open to the trial court than to direct a verdict for plaintiff.

The judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*

SCANLAN, P. J., and FRIEND, J., concur.