DANIEL LOEPKER, Plaintiff-Appellant, v. EUGENE WESSELMAN *et al.*, Defendants-Appellees.

Fifth District   No. 5—89—0853

Opinion filed March 26, 1991.

GOLDENHERSH, J., dissenting.

Steven M. Wallace, of Carr, Korein, Tillery, Kunin, Montroy, Glass & Bogard, of East St. Louis, for appellant.

Hohlt, House, DeMoss & Johnson, of Pinckneyville (Donald Bingham, of counsel), for appellees.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

Plaintiff, Daniel Loepker, appeals from the order of the circuit court of Clinton County dismissing certain portions of his complaint seeking a declaratory judgment and order for replevin with respect to growing and/or standing crops planted by him as lessee of certain real estate. We affirm.

On May 2, 1988, Loepker entered into a lease of approximately 338 acres of farmland with Federal Land Bank of St. Louis (Federal Land Bank) as lessor. Federal Land Bank was the mortgagee in possession of the acreage and had purchased the property at a foreclosure sale. Loepker's lease was executed during the period for redemption following the foreclosure sale. On August 4, 1988, 12 days before the expiration of the redemption period, defendants, Eugene and Patricia Wesselman, redeemed the property. Upon redemption, the Wesselmans informed Loepker they claimed all right, title and interest in and to all crops on the land. Loepker filed suit seeking injunctive relief, a declaratory judgment and an order of replevin against the Wesselmans for the crops he planted on the land. The trial court granted Loepker's petition with respect to severed crops and ASCA payments but denied his requests pertaining to growing and/or standing crops.

Under Illinois law, growing and/or standing crops are deemed to be part of the realty to which they are attached. (*Chicago Joint Stock Land Bank v. McCambridge* (1931), 343 Ill. 456, 460, 175 N.E. 834, 836; *Anna National Bank v. Prater* (1987), 154 Ill. App. 3d 6, 17, 506 N.E.2d 769, 776.) Consequently, when a mortgagee takes possession of the premises or when a purchaser acquires title to the land through a sale upon a decree of foreclosure of a mortgage, the mortgagee or purchaser is entitled to any growing or unsevered crops on the land. (*Chicago Land Bank*, 343 Ill. at 460-61, 175 N.E. at 836; *Anna National Bank*, 154 Ill. App. 3d at 17, 506 N.E.2d at 776.) It would follow therefore that a mortgagor upon redeeming the property and reacquiring title to the land also would be entitled to any standing and/or growing crops. While this may seem fair when the mortgagor or his tenant planted the crops, such result appears harsh and inequitable when someone else, namely a tenant of the mortgagee, has sown the seeds. Loepker argues the doctrine or right of emblements remedies such a situation. Unfortunately, we cannot agree. The doctrine of emblements provides that when a tenant holds farmland for an uncertain period and the tenancy is termi-

nated, the tenant has a right to reenter the premises and remove the crops he planted thereon during his tenancy prior to receiving notice to quit. (See *Leigh v. Lynch* (1986), 112 Ill. 2d 411, 415-16, 493 N.E.2d 1040, 1042; *Roberts v. McAllister* (1922), 226 Ill. App. 356, 359.) The key is holding the farmland for an uncertain period. When a term is fixed in time, either by the terms of the lease or by a notice terminating it at a time when the landlord has the right to end it, the tenant has no right to crops maturing after such termination unless otherwise provided for. (See *Jones v. Ritter* (1917), 206 Ill. App. 487, 491.) "If [a] term is certain and does not depend upon a contingency, so that at the time he sows the crop he may know that his term will not continue until he shall have reaped it, he will not be entitled to it as emblements \*\*\*." (206 Ill. App. at 491.) Here, Loepker's term was fixed in that his lease was subject to termination upon redemption of the property. Moreover, Loepker was aware of this possibility. (See *Chicago Land Bank*, 343 Ill. at 461-63, 175 N.E. at 836-37; *Holt v. Reid* (1867), 46 Ill. 181, 184; see also *Wein v. Albany Park Motor Sales Co.* (1941), 312 Ill. App. 357, 361-62, 38 N.E.2d 556, 558-59.) Consequently, Loepker has no right under the doctrine of emblements to reenter the premises to gather the unsevered crops he has sown. We are aware of language in *Holt v. Reid* (1867), 46 Ill. 181, which would appear to support Loepker's position. This language, however, is *dicta* (see 46 Ill. at 184), and because such position conflicts with established law, we choose not to follow it.

We further believe we are supported in our position by the subsequent enactment of section 15—1701(g) of the Illinois Mortgage Foreclosure Law (Ill. Rev. Stat. 1989, ch. 110, par. 15—1701(g)). This section, which applies only to foreclosure proceedings filed after July 1, 1987, allows for leases of mortgaged real estate entered into by a mortgagee in possession or receiver to be binding upon all parties, including the mortgagor, after redemption if the lease has been approved by the court. This change in the law will in the future remedy such harsh outcomes as here. See Bernard & Thorpe, *Recent Illinois Mortgage Law Changes Affecting Commercial Mortgage Lending*, 76 Ill. B.J. 606, 616-17 (1988).

Lastly, we note the result here is not as harsh as it may appear at first blush. Loepker specifically contracted for the risk of redemption in his lease with Federal Land Bank to recover rent paid and expenses of planting the crop in the event of redemption and did in fact receive such payments.

For the aforementioned reasons, we affirm the judgment of the circuit court of Clinton County.

Affirmed.

CHAPMAN, J., concurs.

JUSTICE GOLDENHERSH, dissenting:
I respectfully dissent.

In my opinion, the majority correctly states the law and the important factual situation concerning the cause when it states:

"The key is holding the farmland for an uncertain period. When a term is fixed in time, either by the terms of the lease or by a notice terminating it at a time when the landlord has the right to end it, the tenant has no right to crops maturing after such termination unless otherwise provided for. [Citation.] 'If [a] term is certain and does not depend upon a contingency, so that at the time he sows the crop he may know that his term will not continue until he shall have reaped it, he will not be entitled to it as emblements ***.' [Citation.] Here, Loepker's term was fixed in that his lease was subject to termination upon redemption of the property. Moreover, Loepker was aware of this possibility. [Citations.]" (210 Ill. App. 3d at 910.)

Unfortunately, in this cause the redemption is a contingency, not a certainty. While the right of redemption is provided for by statute, there is no certainty that the party entitled to redemption will, in fact, exercise that right. The possibility of redemption, therefore, is an uncertainty or contingency which would allow appellant to maintain his interest in the growing crops on this land, given the state of the law as noted in the majority's opinion.

I therefore would reverse the ruling of the trial court.